ANTHONY MIRENDA and BERNADINE MIRENDA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mirenda v. Commissioner
Docket No. 10942-78.
United States Tax Court
T.C. Memo 1980-252; 1980 Tax Ct. Memo LEXIS 336; 40 T.C.M. (CCH) 666; T.C.M. (RIA) 80252; July 15, 1980, Filed *336 Anthony Mirenda, pro se. Joseph R. Peters, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $2,435 in petitioners' Federal income tax for 1976 together with an addition to tax in the amount of $122 under section 6653(a). [1]/ The issues for decision are as follows: 1. Whether the assignment and transfer of petitioners' salaries earned in 1976 to a so-called family trust were effective to relieve petitioners of liability for income taxes on their earnings. 2. Whether any part of petitioners' underpayment of income tax for 1976 was due to negligence or intentional disregard of the rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT At the time they filed their petition, petitioners were legal residents of Wisconsin. They timely filed their Federal income tax return for 1976 with the Internal Revenue Service Center, Kansas City, Missouri. During 1976, petitioner Anthony Mirenda *337 (Anthony) was employed by Dohrn Transfer Company and Glendenning Motorways, Inc. Petitioner Bernadine Mirenda (Bernadine) was employed by Waukesha Motor Inns. On July 4, 1976, petitioners as grantors created the III Century System (a Trust), naming themselves, their daughter, their son-in-law, and a friend as trustees. The beneficiaries of the trust were petitioners' four children, Thomas, Robert, Denise, and Diann. One of the reasons for forming the trust was to attempt to limit the amount of taxes petitioners had to pay. The trust instrument signed by Anthony contained the following: (1) PAYMENT for IRREVOCABLE CONVEYANCE: Upon execution of THIS document by ALL the above mentioned persons, the Accepting Trustees of The III CENTURY SYSTEM (A Trust) will, as authorized by the Trust Indenture, issue to me Anthony Mirenda the Joint Grantor - Creator - Conveyer, HALF of the One (100) Hundred Units of Beneficial Interest in said Trust, in the hereby mutually acknowledged FAIR and EQUAL EXCHANGE for the above mentioned personal property and the sole Rights thereto, which together form the INITIAL CORPUS (e.g. Capitalization) of said Trust, receipt of which is hereby acknowledged *338 and accepted by the parties hereto, on THIS date. (2) THE IRREVOCABLE CONVEYANCE: I, Anthony Mirenda being of sound and disposing mind and memory, do make, publish and declare the following to be my wish and desire to hereby IRREVOCABLY CONVEY to The III CENTURY SYSTEM (A Trust) ALL my earned remuneration and to be earned remuneration from all and any outside source, and ALL my right, title and interest in such earnings from my services rendered or to be rendered, said services from THIS date forth to be controlled, directed and owned SOLELY by said Trust, to the above named sources of remuneration; and, I hereby hold harmless all signatories to this document and all architects and contributors to the Creation of THIS Trust and its concomitant documentation in its entirity [sic], and I wish to hereby thank those persons involved herein for their help, cooperation and all their kindnesses. (3) TRUSTEES' ACCEPTANCE of IRREVOCABLE CONVEYANCE: We, Carleen Riemer and Steven Riemer, the Accepting Trustees of The III CENTURY SYSTEM (A Trust) do hereby accept on behalf of said Trust ALL the incidents of THIS Conveying Agreement, as well as ALL the other appropriate and concomitant *339 documents which are applicable to the other personal property which was simultaneously and irrevocably conveyed on THIS date, the same being the "Capital" of this NEW ENTERPRISE. (4) NOTICE of IRREVOCABLE CONVEYANCE: I, Anthony Mirenda hereby notify the Accepting Trustees of The III CENTURY SYSTEM (A Trust) that from this date, 5th Day of July, 1976, ALL checks, vouchers, commissions, emoluments of whatsoever nature made payable to ME for any and all outside services rendered or to be rendered by ME, as detailed above in this Conveying Agreement, will hence forth be endorsed over to and/or deposited to the account of, or registered in the name of the above named Trust. A similar instrument was signed by Bernadine. After the trust was created, a bank account was opened in the name of the trust, and petitioners were the only ones authorized to write checks on the account. They could draw checks on the account-- whether said checks * * * [were] payable to cash, bearer or the order of the Trust or to any third party or to the order of any signing Trustee or Manager or Secretary of THIS TRUST in either individual or official capacity. Petitioners' salaries for 1976 were *340 paid directly to them by their employers, and they deposited their salary checks in the trust's bank account. They then issued checks on the trust's account to pay petitioners' various personal expenses. Forms W-2 accompanying petitioners' 1976 Federal income tax return disclose that Anthony received wages of $18,366.37 from Dohrn Transfer Company and $222.06 from Glendenning Motorways, Inc. A Form W-2 attached to the return shows that Bernadine received wages of $4,412.90 from Waukesha Motor Inns. Their joint income tax return for 1976 shows that they received wages of $11,692.27. The notice of deficiency determined that petitioners are taxable on additional wages of $11,309 and that an addition to tax under section 6653(a) applies. OPINION It is no doubt true that petitioners under the Constitution and the law of contracts, as they argue, were entitled to create the trust and purport to convey their salaries to it. But the tax law is clear that compensation for services is taxable to the one who earns it. That one may not avoid an income tax on his earnings by assigning them to someone else or to another entity is one of the most elementary principles of the tax law. *341 Lucas v. Earl,281 U.S. 111 (1930). This so-called family trust is no more effective to shield petitioners from tax on their salaries than similar ones involved in numerous decided cases. See, e.g., Vercio v. Commissioner, 73 T.C.     (Mar. 31, 1980), on appeal (10th Cir., June 2, 1980); Markosian v. Commissioner, 73 T.C.     (Mar. 31, 1980); Wesenberg v. Commissioner,69 T.C. 1005 (1978); Horvat v. Commissioner,T.C. Memo. 1977-104, affd. per order (7th Cir., June 7, 1978), cert. denied 440 U.S. 959 (1979). Petitioners are taxable on the full amount of their 1976 salaries. [2]/ Section 6653(a) [3]/ provides for the imposition of a 5-percent addition to tax for negligence or intentional disregard of rules and regulations. Anthony admitted that one of the purposes in creating the trust was tax avoidance but testified that he was not aware of the Internal Revenue Service's position with *342 respect to such trusts when petitioners' trust was created. Yet he admitted that petitioners did not consult a lawyer or a qualified accountant on this drastic step whereby petitioners purported to convey all their future earnings and their property to a trust. We think petitioners were either negligent in failing to inform themselves or intentionally disregarded the tax laws. The evidence quite clearly fails to show otherwise. The addition to tax must be sustained. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. / Having decided the case on this ground, we need not rest our decision on respondent's argument that the trust lacked economic reality. See Markosian v. Commissioner,↩ 73 T.C.     (Mar. 31, 1980).
3. / SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩